## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

GUS REAGAN LEHMANN, *et al.*,

    Plaintiffs,

v.                                                                                 Civ. No. 25-784 KG/GBW

THE PRINCETON EXCESS AND
SURPLUS LINES INSURANCE
COMPANY,

    Defendant.

## <u>ORDER IMPOSING SANCTIONS</u>

THIS MATTER is before the Court on Defendant's Response to Show Cause Order. *See docs. 24, 26.* Having considered the response, the Court will impose the following sanctions.

Pursuant to Fed. R. Civ. P. 16, the Court entered an Order Setting Settlement Conference. *See doc. 17.* In the Order, the parties were required to compose and send two separate letters. *Id.* at 2-4. The first of those letters is exchanged between counsel and *inter alia* includes a settlement offer/demand. *Id.* at 2-3. The settlement offer from Defendant "must be definite, meaning that it must state a single amount with no variables." *Id.* at 3, n.3. Defendant's first letter was due to Plaintiffs' counsel at least 14 calendar days prior to the date of the settlement conference. *Id.* at 3. The second letter must be sent to the Court alone and is a confidential letter assessing the strengths and

weaknesses of the case, and "must not be a mere restatement of the letter served on opposing counsel." *Id.* at 3. The confidential letter was due to the Court at least 9 calendar days before the conference. *Id.* The settlement conference in the instant case was set for March 26, 2026. *Id.* at 1. Accordingly, Defendant's letter to Plaintiffs' counsel was due to opposing counsel on March 12, 2026, and its confidential letter to the Court was due on March 17, 2026.

In the days leading up to the settlement conference, it appeared that Defendant had failed to comply with the Court's Order. Specifically, while Defendant's letter was sent to Plaintiffs' counsel by the deadline, it failed to include any settlement offer. In fact, it did not even include an "offer" of zero dollars. Instead, it merely complained that Plaintiffs' demand was unsupported. As such, this letter failed to comply with the requirement in the Court's order. Furthermore, as of March 23, 2026, the Court had not received Defendant's confidential letter. This failure had persisted past the deadline despite the Court's staff repeatedly reaching out to Defendant's counsel requesting the confidential letter. Consequently, on March 23, 2026, the Court issued an Order to Show Cause requiring Defendant to address why the Court should not assess sanctions against Defendant or Defendant's counsel, including but not limited to a monetary fine as calculated in the Order. *See doc. 24*.

Subsequent to the filing of the Order to Show Cause. Defendant's confidential letter was provided to the Court after business hours on March 24, 2026. Moreover, Defendant augmented their letter to Plaintiffs with a numerical offer of settlement.

In its Response to the Order to Show Cause, Defendant gives an explanation for failing to include an offer in its responsive letter to Plaintiff's demand. *See doc. 26* at 2. As for the confidential letter, Defendant apologizes to the Court for failing to send the letter and blames that omission on failing to properly calendar the Court's deadlines. *Id.*

A "court may issue any just orders … if a party or its attorney … fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Further, the Court may assess sanctions under its inherent power where an attorney willfully disobeys a court order. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). Significantly, in the Order Setting Settlement Conference, the Court expressly warned counsel that the anticipated sanction for untimeliness is "[a] $100 fine for each day a party misses any of the above deadlines (including those for letters exchanged between the parties) … unless a request for an extension is approved by the Court." *Doc. 17* at 4. As explained in the Order to Show Cause, "[b]y the Court's math, as of [March 23, 2026], th[at] sanction [stood] at $1700 – 11 days late in submitting a letter as ordered to Plaintiff's counsel and 6 days late in submitting the confidential letter to the Court." *Doc. 24* at 3. Given Defendant's failure to comply until the next day, the total calculation would increase to $1900.

Having considered Defendant's response, the Court is persuaded that sanctions beyond the monetary fine are unnecessary.  Furthermore, the Court has reconsidered the fine which should be applied to the non-compliant letter to Plaintiffs' counsel. While the letter failed to include a significantly material component – a numerical offer of settlement – it did comply in all other respects.  As such, the Court concludes that a fine of $50 per day is more appropriate.  Finally, it appears that the sanctionable conduct was the fault of counsel rather than Defendant, so the sanction will be payable by counsel.

In light of the foregoing, **IT IS HEREBY ORDERED** that Defendant's counsel is sanctioned a fine of $1,300[1] and shall pay that amount to the Clerk of Court for the District of New Mexico within 10 days of this issuance of this Order.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1] This amount is based on $50/day for the 12-day delay for a complaint letter to Plaintiffs' counsel and $100/day for the 7-day delay for the confidential letter to the Court.